HANNAH'S Ex'R *vs.* LANKFORD'S Adm'x ET AL.

[BILL IN EQUITY, TO SET UP AND ENFORCE VENDOR'S LIEN, FOR PURCHASE-MONEY OF LAND.]

1. *Payment of note due estate, to sole legatee; when will bar executor's right to recover.*—The executor of a will can not recover from the payor, the amount of a note, the property of the estate, which had been previously paid by such payor, to the sole legatee of the estate, during life or widowhood, when the estate was not in debt, and there was no pending administration.

APPEAL from the Chancery Court of Calhoun.
Tried before the Hon. S. K. McSpadden.

THIS was a bill in equity, by R. C. Hannah, as executor of the last will and testament of Mansel M. Hannah, deceased, against the administrator and heirs of Thomas K.

Lankford, deceased, and sought to set up and enforce an alleged vendor's lien on certain land of the deceased, for the unpaid purchase-money. The bill was based upon the following facts : Appellant's testator, in 1863, sold to appellee's intestate, Thomas K. Lankford, deceased, a tract of land in Calhoun county, Alabama, receiving in payment therefor, $2,750 in Confederate money and a note for $1,000, the remainder of the purchase-money, and falling due 25th December, 1864, which it was agreed, was to be discharged in Confederate currency. A deed was duly executed to said lands, and Lankford entered into possession thereof, and so continued, until his death in 1864, since which time, his widow and children have held possession of the same.

In 1864, Mansel M. Hannah died, leaving a will, which was "*filed in the probate court December 19th*, 1864," and duly proven and admitted to probate and record, on the 28th of March, 1866. The will bequeathed all of his real and personal property to Susan S. Hannah, his wife, " during her widowhood or natural life," and appointed her executrix, and R. C. Hannah, executor.

It was agreed, " that Camilla Lankford, the widow and administratrix of said Thomas Lankford, deceased, *at the request* of Susan S. Hannah, (who was the widow of Mansel M. Hannah, deceased, and his sole legatee, and the person nominated in said will as executrix, with R. C. Hannah, executor,) paid said note and the accumulated interest thereon, *in Confederate money, in* 1865, *about the 5th day of May.*" It was also admitted, that " R. C. Hannah, the complainant, was the only executor named in the bill, who has qualified, and that he qualified on the 28th of March, 1866."

The bill alleges that the payment to Mrs. Hannah was unauthorized, and was no payment whatever, of the debt due the estate ; that the debt is still due and unpaid ; and that complainant, as executor, has a vendor's lien on the land for such unpaid purchase-money ; and prays that said sum, due by said complainant, be decreed to be a lien on said lands, and that in default of payment on a given day, said lands be sold to satisfy the same. The bill does not

allege that the estate is in any way indebted, nor in any way refer to its condition.

The appellees demurred to the bill for want of equity. The chancellor sustained the demurrer and dismissed the bill, "but without prejudice," &c.

The decree of the chancellor is now assigned as error.

ELLIS & CALDWELL, for appellant, insisted that the chancellor erred :

1. In deciding that Mrs. Hannah, widow of the testator, had authority to receive payment of the debt in question and thereby discharge the debt and lien.

2. That a payment in Confederate treasury notes on the 5th of May, 1865, was no discharge of the indebtedness.

To the first petition we say that, after the death of M. M. Hancock, there was no one authorized or empowered to collect debts due the testator, and thereby discharge creditors of the estate. This we understand to have been the old law ever since the old case of *Cleveland v. Chandler*, 3 Stewart, 489.

But it is insisted, under the authority of *Johnson v. Langmire*, 39 Ala. 145, that the widow of the testator had a right to collect the debt in question, because she was the principal legatee under the will; but it will be observed that the court in that case confine the authority of collecting such debts to the sole legatee. But we insist that Mrs. Hannah is not sole legatee, and, therefore, the rule of the foregoing case cannot be applied to the case at law.

To the second position, we say that the mere taking of the note by the representative of Lankford, was no discharge of the debt; it is well settled by many decisions of our court, that a note is merely the evidence of the debt, and unless the note was surrendered up on a good and valid consideration, it would not discharge the indebtedness.

Now, this court must judicially know, that Confederate treasury notes, on the 5th of May, 1865, were of no value. It is a historical fact, of which the court must take notice, that General Lee surrendered his forces on the 9th of April, 1865, near one month before this pretended payment

was made ; and it is further known, that the military department to which Alabama belonged, was surrendered about the 1st of May, 1865.—See the case of *Jeffreys v. The State*, 39 Ala.

It follows, therefore, that the money, for which the note in question was surrendered up, was wholly worthless on the 5th of May, 1865, and no valid consideration passed to Mrs. Hannah for giving up said note, and if so, the debt was not discharged, and complainant is entitled to enforce the same, by way of lien, upon the land set forth in the bill.

When we consider the want of authority in Mrs. Hannah to receive payment of debts due the estate and discharge creditors, in connection with the time when this pretended payment was made and money received, the court will have no hesitance in holding that the transaction between Mrs. Hannah and the representative of Lankford, did not amount to a payment of the thousand dollar note given for the land, and the complainant still has his vendor's lien upon the land set forth.

FOSTER & FORNEY, *contra*.

B. F. SAFFOLD, J.—Against the executor of her husband's will, in the absence of any indebtedness of the estate, Mrs. Hannah could give a valid receipt. There is no averment in the bill that the money was needed to pay the debts. She was the sole legatee during her life or widowhood, and there was no pending administration. *Johnson, Adm'r, v. Longmire*, 39 Ala. 143 ; *Gardiner et al., Ex'rs, v. Gantt et al.*, 19 Ala. 666 ; *Cleveland et al., Ex'rs, v. Chandler*, 3 Stew. Rep. 489.

The bill, in view of the facts stated, cannot be maintained. The decree of the chancellor dismissing the bill without prejudice, is affirmed.