<hr />

## SANDERS v. MOORE.

1. APPEALS: *Dismissal for want of prosecution.*

The dismissal of an appeal to the Supreme Court for want of prosecution, does not bar a second appeal.

2. PARTIES: *Action by heir to recover debt.*

The sole heir of one who died in 1867, may maintain an action commenced in 1885, to enforce the payment of a debt due the decedent's estate, where it appears that administration on the estate ceased in 1882 by the administrator's death, and that the creditors (if there are any) have made no effort to renew it.

APPEAL from *Phillips* Circuit Court in Chancery.

M. T. SANDERS, Judge.

Cliff, the father of the plaintiff, Mrs. Sanders, died in 1867, leaving her his only heir. The administrator sold the land of the estate under an order of the Probate Court, and it was purchased by J. W. Humphries, who executed his note for part of the purchase money. Mrs. Sanders brought this suit in 1885 against Humphries' heir, to enforce the payment of his note, alleging that by imposition upon an administrator *de*

Sanders v. Moore.

*bonis non* Humphries procured a deed without paying his note. That there was no administration pending on the estate of Cliff, and that it owed nothing. The court below held that the suit could only be maintained by an administrator on Cliff's estate, and dismissed the bill. The plaintiff appealed, and her appeal was dismissed for want of prosecution. A second appeal having been granted, the defendant moved to dismiss it.

*U. M. & G. B. Rose* and *John C. Palmer*, for appellant.

There being no administration, and no necessity for an administrator, the bill charging that there are no debts, the suit was properly brought in the name of the only heir. *6 Ark., 156; 47 id., 470; 37 ib., 155; 46 ib., 373.*

*George Sibley*, for appellee.

The administrator was an indispensable party to the suit. *Bliss Code Pl., 108.*

PER CURIAM. The dismissal of an appeal for want of prosecution does not bar a second appeal. *Ashley v. Brazil, 1* APPEALS. *Ark., 144; Turner v. Tappscott, 29 ib., 318.*

The only question decided by the Circuit Court or pressed PARTIES. for determination here, is the right of the plaintiff to maintain the action. She is the sole heir of her deceased father, who died in 1867; there was administration on his estate soon after; the administration ceased by the death of the administrator in 1882, and no effort has been made by the creditors, if there are any, to renew it. The principle governing the cases of *Graves v. Pinchback, 47 Ark., 470; Crane v. Crane, 51 ib., 287; Winningham v. Halloway, ib., 385; State Bank v. Williams, 6 ib., 156,* permits the maintenance of the action by this plaintiff.

The plaintiff's position is strengthened by the allegation that there are no subsisting debts against the estate.

The court erred in sustaining the demurrer.

Reverse the judgment and remand the cause with directions to overrule the demurrer.