P. R. VAIL, Administrator, v. JOHN ANDERSON and Another.[1]

July 3, 1895.

Nos. 9501—(186).

**Debt Due Decedent—Payment to Heir and Distributee.**

The bona fide payment of a debt due to a person dying intestate, made to the sole heir at law of the deceased, and the sole distributee of the funds of his estate, before administration is granted, will, if equity requires, operate as a discharge of the debtor from liability to a subsequently appointed administrator.

[1] Reported in 64 N. W. 47.

Same—Pleading—Defense.

Applying the rule above stated to the second defense set forth in the answer herein, it is *held* that facts sufficient to constitute a defense to plaintiff's cause of action are alleged in said defense.

Same—Staying Action Pending Probate.

Among other things stated in the answer, it was alleged that the estate in question was and is solvent and sufficient to pay all claims and demands against it, together with the expenses of administration, without collecting or including the funds in controversy. *Held*, to guard against a contingency that such estate may become, pending administration, unable to meet and discharge all claims, liabilities, and expenses, that the proper practice for the court below is to stay all proceedings herein until the ability to pay is accurately determined in the probate court.

Appeal by defendants from an order of the district court for St. Louis county, Ensign, J., sustaining plaintiff's demurrer to the second defense in the answer. Reversed.

*H. F. Greene*, for appellant.

*A. J. Thomas*, for respondent.

COLLINS, J. As the administrator of the estate of Jane Bray, deceased, plaintiff brought this action to recover $615.66, with interest, from defendants. The complaint alleged that in her lifetime the deceased had deposited, at various times and in small sums, this amount of money; that for a part of it certificates of deposit had been issued and delivered, payable to her order, on presentation thereof; and that the balance was to be paid over upon demand. A formal presentation of these certificates, and a demand on defendants for payment of the whole amount, was also alleged. By the answer, the deposit, the issuance of the certificates, their presentation for payment, and a refusal to pay the money were admitted. Two defenses were then alleged, and to the second plaintiff filed a general demurrer. This is an appeal from an order sustaining such demurrer.

The defense in question was that in the lifetime of plaintiff's intestate, Mrs. Bray, and when she died, one Isaac Bray was her husband; that she died childless; that said Isaac became at once her sole heir at law, and the sole distributee of her estate under

the statutes; that her said estate was and is solvent and sufficient to pay all claims and demands against it, together with the expenses of administration, without collecting or including the sum in controversy; that after Mrs. Bray's decease, and prior to the issuance of any letters of administration upon her estate, the defendants paid the full amount of their indebtedness in question to said Isaac Bray; that he has since died intestate; that administration has since been commenced as to his estate, and that it was and is insolvent, even if there should be included among the assets the amount sought to be recovered from defendants.

The question for determination is whether payment made to Isaac Bray after the decease of his wife, and prior to the appointment of an administrator for her estate, is available as a defense to this action, under all of the circumstances.

That her surviving husband, Isaac, upon the decease of Jane Bray, became at once the equitable owner of her entire estate, including the demand against defendants, subject to the rights of an administrator, should one be appointed, and to the claims of creditors, if any there were, is undisputed. G. S. 1894, §§ 4470, 4471, 4477. Upon his appointment, the administrator acquired the legal title to the personal estate and the right to reduce it to his possession, not in his own right, however, but as a trustee, and for a particular purpose. He had the right to enforce the collection of debts which might be due to the estate, and, in the course of administration, to pay all claims and demands presented and allowed against the same, so far as the assets permitted. When all claims and demands were paid, including the expenses of administration, the heir at law, Isaac Bray, if living, would become the sole beneficiary, and, as such, entitled to all that remained. As he is dead, such assets as are not needed to complete the proper administration of Mrs. Bray's estate will become, and in equity now are, a part of the estate of Isaac. If there are no claims and demands against the first-mentioned estate, the entire equitable interest in the real and personal property of the late Mrs. Bray will have to be assigned to the personal representatives and heirs at law of Isaac Bray, subject, of course, to the administrative proceedings, whose estate, according to the allegations of the answer, is

wholly insufficient, with all other assets, to meet and liquidate the claims and demands of his creditors.

In this class of cases, a court is not bound at all times to enforce a strict legal right, but should always look to and protect an equitable title or right where good conscience requires it, and it has often been held, substantially, that where there is a sole distributee of an estate which owes no debts, and before administration is granted the property is reduced to possession by the distributee, he will, in equity, be protected in possession against the claim of an administrator subsequently appointed. In like manner, it is said, a bona fide payment to the sole distributee of a fund to which such estate is entitled, made before administration is granted, will, in equity, operate as a discharge of the party paying from liability to a subsequently appointed administrator. Johnson v. Longmire, 39 Ala. 143; Hannah's Exr. v. Lankford's Admx., 43 Ala. 163; Lewis v. Lyons, 13 Ill. 117. See, also, Bogert v. Furman, 10 Paige, 496; Walworth v. Abel, 52 Pa. St. 370.

If the estate of Jane Bray was and is solvent, abundantly able to meet and discharge all claims and demands against it, without resort to the funds which the plaintiff now seeks to recover; and if, prior to his appointment, defendants, in good faith, paid over to the sole distributee of her estate, the equitable owner of the funds in question, the full amount thereof; if he has since deceased; if his estate is entitled to and will receive the surplus assets of the estate of Jane Bray,—it seems to be most inequitable to now compel a second payment, that the amount thereof may ultimately be distributed among the general creditors of the insolvent estate of Isaac Bray. We are of the opinion that defendants' equities are such as entitle them to the protection of this court.

It has been urged that, even if defendants' allegations as to the solvency of the estate of Jane Bray, and its ability at the time of the bringing of this action to discharge all obligations, be true, it does not follow that, through the fluctuation of values, the depreciation or loss of securities, or the insolvency of debtors, it might not become insolvent in the course of proceedings in administration, and unable to pay its creditors. There is force in the suggestion, but because such a contingency might arise is not of itself a reason

for allowing plaintiff to recover. The proper practice in this case is for the court below to stay proceedings until the condition of the estate, with reference to its ability to pay all claims and demands allowed against it, and all administrative expenses, is accurately determined in the probate court.

Order reversed.