CHARLES A. COOPER v. SAMUEL L. HAYWARD and Another.[1]

December 28, 1896.

Nos. 10,355—(175).

New Trial.

> *Held*, that there was no error in the court's granting a new trial on the ground that the verdict was not justified by the evidence.

Appeal by defendants from an order of the district court for Stearns county, Searle, J., granting a motion for a new trial. Affirmed.

*M. D. Taylor*, for appellants.

If W. H. Hayward had an interest in the money, and without making the interest known, and without objection, knowingly allowed his mother to use it in making a gift to his brother, he could not recover. If he had an interest in the money, it was his gift to that extent, and after it was executed it could not be recalled. Stewart v. Hidden, 13 Minn. 29 (43); Lamprey v. Lamprey, 29 Minn. 151, 12 N. W. 514; Furman v. Tenny, 28 Minn. 77, 9 N. W. 172.

*G. W. Stewart*, for respondent.

Was there evidence to sustain the defense of want of consideration or that of free gift? (1) Upon the undisputed evidence the money was the money of the firm, in which W. H. Hayward had an equal interest with his father. Had the note run to the firm there could have been no question of a want of consideration. The transaction amounted to an agreement by S. L. Hayward on a consideration moving from the firm to pay W. H. Hayward the amount of the money consideration. Such a transaction is enforceable, even if it had not been in writing. Goetz v. Foos, 14 Minn. 196 (265); Sullivan v. Murphy, 23 Minn. 6. Should it be treated as a loan of the firm's money to S. L. Hayward, the same result would be reached. (2) An absolute gift which will devest the donor's title requires a donation on the part of the donor of all his title and interest in the subject of the gift. Irish v. Nutting, 47 Barb. 370; Smith v. Ferguson, 90 Ind. 222. It is as essential an element of a gift as of a contract that the minds of the parties meet. There is not a word in

[1] Reported in 69 N. W. 638.

the testimony to indicate W. H. Hayward intended to give the money; and there is nothing to show that either W. H. Hayward or S. L. Hayward intended it as a gift.

MITCHELL, J. Action on a promissory note executed by the defendants to plaintiff's intestate. Defense, want of consideration. The defendants had a verdict, and the court granted a new trial on the ground, among others, that the verdict was not justified by the evidence.

The evidence was practically undisputed that the deceased, William H. Hayward, was a partner in business with his father, J. E. Hayward, also since deceased; that the defendant Samuel L., being pressed by his creditors, William H. Hayward, at the solicitation of his mother, and without the knowledge of his father, took the moneys, either of the firm or of his father individually (it is immaterial which), which were in his possession and control as his father's agent, and paid the debts of Samuel L., and for the amount thus paid out took defendants' note, payable to himself individually. It is claimed that this money was intended as a gift by the father to the defendant Samuel, but this claim rests exclusively upon what the mother said and did. But it was not her money, and she had no authority to give it away, and the father never knew of the transaction. Whether the money belonged to the firm or to the father individually, it constituted a consideration for the note; and, as the note was made payable to William H. Hayward, he, if living, could, and his personal representative after his death can, maintain an action on it, although the consideration paid belonged to some one else, and the note was taken for the benefit of that person. The father's estate has never made any claim to the note.

As the plaintiff did not, after trial, move for judgment notwithstanding the verdict, it is not necessary to consider whether the court ought to have directed a verdict for the plaintiff. It is very clear, however, that, in view of the evidence, the court committed no error in granting a new trial.

Order affirmed.