CHARLES A. COOPER v. SAMUEL L. HAYWARD and Another.[1]

January 31, 1898.

Nos. 10,936—(281).

**Promissory Note to One Person for Benefit of Another—Action by Administrator of Payee.**

Where a promissory note is taken in the name of one party for the benefit of another, the administrator of the payee may maintain an action on it.

**Estate of Decedent—Assets Disposed of by Sole Heir—Recovery by Administrator.**

Where, before the appointment of an administrator, the personal property left by the intestate is disposed of by one who it conclusively appears is the sole heir and distributee, and it also conclusively appears that there are no debts to be proved against the estate, *held*, an admin-

[1] Reported in 74 N. W. 152.

istrator, subsequently appointed on the petition of such sole distributee, cannot recover the property so disposed of.

**Beneficial Interest in Note—Question for Jury.**

Whether the beneficial interest in the note in suit was in the payee thereof, or in a third person, or in the payee and such third person as partners, *held*, on the evidence, to be a question for the jury.

Appeal by defendants from an order of the district court for Stearns county, Searle, J., denying their motion for a new trial after a verdict for plaintiff, as administrator of the estate of William H. Hayward, deceased, for $515.80 and interest, pursuant to the direction of the court. Reversed.

*M. D. Taylor*, for appellants.

*G. W. Stewart*, for respondent.

CANTY, J.[2]

This is the second appeal in this action. See 67 Minn. 92, 69 N. W. 638. After the decision on the former appeal, the case was again tried in the court below, and, at the close of the trial, the judge ordered a verdict for plaintiff for the amount of the note and interest. From an order denying a new trial, defendant appeals.

It appears by the evidence that in 1887 defendant's brother, W. H. Hayward, and his father, J. E. Hayward, were associated together as partners in the lumber business, under the firm name of W. H. Hayward & Co.; that the brother had at that time but little property of his own; that the father furnished all the capital for the business, and had besides a considerable amount of individual property; and that the brother was manager of both the partnership business and most of the father's individual business, and had authority to draw checks on the partnership funds in the bank, and also to draw checks in his father's name on the individual funds of the latter in the bank. At this time defendant was financially embarrassed, and was about to lose some of his property on chattel mortgages.

The evidence tends to prove that there had been some trouble between him and his father, and he did not want the latter to know that his property was mortgaged. So he applied to his mother for

[2] BUCK, J., absent, took no part.

assistance, and she requested her son W. H. Hayward to draw checks on said partnership funds in payment of defendant's debts. W. H. Hayward at first refused to do this, as he feared the father would discover what he had done. Thereupon she told him that she would be responsible for it, and would stand between him and his father, if the latter discovered it. Then W. H. Hayward drew the checks in payment of defendant's debts, either wholly on the partnership funds, or partly on those funds and partly on the individual funds of the father, and, when these debts were thus paid, defendant executed to W. H. Hayward the note in suit for the amount of the payments. W. H. Hayward died in 1890, and the father in 1895. The evidence also tends to prove that the father, during his lifetime, never knew or discovered that any of his funds, or the partnership funds, went to pay the debts of the defendant, or that the latter had executed the note to his brother. On these facts, it was held on the former appeal that there was a good consideration for the note.

The note being taken in the name of W. H. Hayward, he would, under section 5158, G. S. 1894, have a right to maintain an action on it, even though he had no beneficial interest in it at all. Under section 4297, G. S. 1894, a trust estate does not, on the death of the trustee, descend to his heirs or pass to his personal representatives, as it did at common law, but the execution of the trust vests in the district court, and it appoints a new trustee. But we cannot hold that this statute applies to such a case as this, where no trust appears on the face of the instrument, and it is merely a case of a promissory note being taken in the name of one party for the benefit of another. Then the administrator of the payee of the note can maintain the action whether the amount recovered will be held for the estate of W. H. Hayward, or the estate of his father, or partly for each estate. This is what was held on the former appeal.

But some additional facts have since come into the case which have been set out in plaintiff's supplemental complaint. It is alleged in this complaint, and admitted in the answer to it, that the widow of W. H. Hayward is his sole heir and distributee. It is alleged, and appears by the evidence given on the last trial, that after his death, and before an administrator of his estate was ap-

pointed, she and the father entered into a contract, by the terms of which, for a certain consideration, she assigned to the father, and released to him, all her interest in the partnership property and assets, and the father released her and the estate of W. H. Hayward from all debts due from the latter to the father or to the partnership.

After the father's death, his estate was administered in the probate court, and on March 1, 1897, the decree of distribution was entered, which, after assigning specified portions of the estate to different heirs and distributees, assigned all the balance of the estate to four certain distributees. On May 3, 1897, these four distributees, by an instrument under seal, released and discharged defendant from all claims which they may have had on account of this note. Plaintiff admitted on the trial that there were no debts proved, or to be proved, against the estate of W. H. Hayward, and, as his widow was his sole heir and distributee, it was competent for her to make an equitable assignment of all her interest and the interest of his estate in the property and assets of the partnership, and the assignment which she has so made to the father is binding on the plaintiff, the administrator. See Vail v. Anderson, 61 Minn. 552, 64 N. W. 47; 1 Woerner, Adm'rs, § 201; 2 Woerner, Adm'rs, § 566; Foote v. Foote, 61 Mich. 181, 28 N. W. 90. In the case of Wiswell v. Wiswell, 35 Minn. 371, 29 N. W. 166, it did not appear that the widow who sold the horse was the sole distributee, and that there were no debts proved or to be proved against the estate. In the case at bar these things appear conclusively. The plaintiff was appointed administrator on the petition of the widow herself, more than five years and a half after she had made said settlement with the father as surviving partner. Then, if the beneficial interest in the note in suit was in the father or in the partnership firm at the time of the death of W. H. Hayward, such interest had passed to the father by said assignment from the widow, has been assigned to said four distributees by said residuary clause in said decree of the probate court, and defendant has been released by them from liability.

Then, since the former appeal, it has become material to determine whether, on the one hand, the whole beneficial interest in this

note was in W. H. Hayward at the time of his death, or whether, on the other hand, such interest was in his father or in the partnership firm.   The evidence tends to prove that the consideration for this note came originally out of the partnership funds or the individual funds of the father, or partly from each.   W. H. Hayward in his lifetime, and his estate after his death, were liable to the father for the funds so taken without the father's knowledge or consent; and it cannot be held that by the release of all claims against the son's estate, made by the father in his contract with the widow, he released a claim of which he had no knowledge, and of the existence of which he had always been fraudulently kept in ignorance. There is no evidence that W. H. Hayward accounted to the father in any manner for the funds thus drawn out.   He might have accounted to the father for them as being funds drawn out for his own use and benefit, without disclosing to the father that they were applied to the payment of defendant's debts, and, if he did so account, the beneficial interest in this note would thereby have become vested in him.   The partnership contract provided that true books of account should be kept, and, at least once in each year, there should be an accounting, the profits and losses ascertained, and the profits, if any, divided.   But it does not appear that any such books were ever kept or any such accounting was ever had.

We are of the opinion that the evidence would warrant the jury in finding that the funds which went to pay defendant's debts were drawn out of the father's funds, or out of the funds of the partnership, or partly out of each; that W. H. Hayward never accounted to his father for the funds thus drawn out, but that the loss of the same remained the loss of the father or of the partnership, or partly of each, until after the death of W. H. Hayward; and therefore the court erred in ordering a verdict for plaintiff.

The order appealed from is reversed, and a new trial is granted.