CHARLES A. COOPER v. SAMUEL L. HAYWARD and Another.

January 26, 1900.

Nos. 11,931—(210).

**Promissory Note.**

This is an action on a promissory note. Defense, that the note had been satisfied, and the defendants released therefrom. *Held*:

**Verdict Sustained by Evidence.**

That the evidence was sufficient to sustain the verdict.

**Evidence of Admissions of Witness.**

That it was not prejudicial error, in view of the facts stated in the opinion, for the trial court to receive, before the proper foundation had been laid, evidence tending to show that a witness had made prior inconsistent statements.

**Refusal to Charge Jury.**

That a request to charge the jury was properly refused because not justified by the evidence.

Action in the district court for Stearns county by plaintiff as administrator of the estate of William H. Hayward, deceased, to recover $515.80 and interest on a promissory note executed by defendants to the order of intestate. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed

*George W. Stewart,* for appellant.
*Taylor & Jenks,* for respondents.

START, C. J.

Action on a promissory note. Defense, that the note had been satisfied, and defendants released from further liability. Verdict for the defendants, and the plaintiff appealed from an order denying his motion for a new trial.

This is the third appeal in this action. See 67 Minn. 92, 69 N. W. 638, and 71 Minn. 374, 74 N. W. 152. The evidence on the last trial on the part of the defendants tended to show these facts: William

H. Hayward, a brother of the defendant Samuel L. Hayward, and his father, J. E. Hayward, were partners in the lumber business at the time the note in question was made, under the firm name of W. H. Hayward & Co. The defendant Samuel L. Hayward was then about to lose his stock, by reason of chattel mortgages thereon; and, not being on good terms with his father, he appealed to his mother for financial assistance. She, through her son William H. Hayward, caused the mortgages to be paid. William H. Hayward managed the firm affairs and handled the firm money, and also managed his father's individual affairs, and handled his father's individual money, and drew checks on his father's bank account, and signed his father's name to them, and was authorized so to do. By direction of his mother, and on the promise of his mother to shield him from his father's displeasure, he took the necessary money, belonging either to his father individually or to the firm, and paid the chattel mortgages. He took the note in controversy for the amount so paid, $578.25, but without the knowledge of his mother, who intended it as a gift. He died January 10, 1890, and his widow, his only heir, made a settlement of his partnership business with his father, J. E. Hayward, the surviving partner, whereby she conveyed to him all the partnership property and everything pertaining thereto. The surviving partner, J. E. Hayward, died on March 13, 1895. His estate was duly probated, and all his personal property, except certain specific parcels, of which the note in question was not one, was duly assigned to his four daughters, who thereafter executed to defendants a full release, discharge, and satisfaction of the note. Only one claim was ever filed against the estate of William H. Hayward, which was for the sum of $26, dated November, 1887, presented to the probate court for allowance September 14, 1895, and was not allowed as a claim against his estate. The evidence on the part of the plaintiff tended to show that William H. Hayward paid the chattel mortgages against the defendant with his own money.

1. The plaintiff claims that the verdict is not sustained by the evidence. The principal contention in support of this claim is substantially this: The evidence was conclusive that the money which formed the consideration of the note belonged to either William H.

Hayward or to the firm. But, if it be conceded that the money was that of the firm, still the transfer by his sole heir of all the interest which William H. Hayward had in the assets of the firm at the time of his death was void, as against his administrator, because there was then a claim of $26 against his estate. The short answer to this is that there was no evidence that there ever were any valid claims against the estate, but, on the contrary, the evidence is sufficient to sustain a finding that there were none. The evidence is to the effect that a claim of $26 was filed against the estate and disallowed. The mere fact that a claim was filed (that is, asserted) against the estate, and not allowed, is not proof that there was in fact a debt against the estate. Conceding, without so deciding, that the burden was on the defendants to prove that there were no debts against the estate, the fact that none were allowed, and that the time for the presentation and allowance of claims against the estate had passed, was prima facie proof, at least, that there were none. We are not to be understood as holding that the transfer would have been void if there had been debts against the estate. It would in that case have been valid, but the transferee would have taken his title subject to the right of the administrator to subject the interest of the deceased in the firm assets to the payment of the debts against his estate. The evidence was ample to support the verdict.

2. The plaintiff assigns twelve alleged errors in the rulings of the trial court as to the admission of evidence. As to most of these rulings, the only objection to them which is or can be made rests upon the proposition that the transfer in question by the widow and heir was void because there was a debt against the estate. The evidence, as we have shown, was sufficient to sustain a finding that the transfer was valid, and the title of the transferee absolute. Hence the evidence was properly received. Such evidence was not received to vary the terms of the note, but to show to whom it actually belonged.

The other rulings of the court on the admission of evidence assigned as error have been considered, and found to be correct, with one exception. The wife of the plaintiff, the heir of William H. Hayward, was a witness in his behalf, and gave testimony tending

to show that the money with which the defendants' debts were paid, and for which the note was given, was the money of her deceased husband, William H. Hayward. The defendants then called Mrs. Freeman as a witness, who testified (the plaintiff objecting that the proper foundation therefor had not been laid) to an admission by plaintiff's witness (stating the time and place approximately) to the effect that the money belonged to the father. Thereupon the plaintiff recalled his witness, who testified that she had just heard the testimony of Mrs. Freeman, and denied that she ever made the admission.

It is a fact that when the admission was given in evidence the proper foundation had not been laid by first calling the witness' attention to the time and place of making the alleged admission. The basis of the rule requiring such foundation to be laid before prior inconsistent statements or admissions can be given in evidence is justice to the witness, which requires that he be given an opportunity to recall the facts, by calling his attention to details as to when and where, and to whom, the alleged statements were made. Hence the ruling of the trial court was error when made; but was it reversible error (that is, prejudicial error), in view of the fact that the time, place, and details of the alleged admission were stated in the hearing of the witness, who thereafter voluntarily and unqualifiedly denied that she ever made the admission? We are of the opinion that it was not, for the witness was given an opportunity to recall the facts as to the alleged admission after her recollection had been refreshed by hearing the alleged details as to the conversation in which it was claimed the admission was made. The reason of the rule was satisfied in an irregular manner. But the order in which the evidence was received could harm no one.

3. The plaintiff requested the court to instruct the jury that if they found that William H. Hayward furnished any part of the money, less than the whole thereof, for which the note was given, they could find a verdict for the plaintiff for the amount which they found was so furnished. The trial court properly refused to give this request, for there was no evidence to justify the giving of it. If William H. Hayward furnished any of the money, he furnished the whole of it; and the jury were instructed that, if such were the

case, the plaintiff was entitled to a verdict. The alleged error of the trial court's instruction as to the release by the widow of her interest in the firm assets we do not consider, because plaintiff did not except to the instruction.

Order affirmed.