## JOHNSON v. SAWYER et al.

No. 5867.   Opinion Filed May 23, 1916.

(157 Pac. 933.)

APPEAL AND ERROR—Dismissal—Reinstatement. In a suit in equity to cancel a deed to a tract of land and to recover rents and profits, the defendants prevailed in the trial court. While the cause was pending in the Supreme Court the plaintiff in error, plaintiff below, died intestate. Thereafter, to wit, on the 16th day of February, 1915, J., the father of plaintiff, filed in the Supreme Court a petition, suggesting the death of said plaintiff, and showing that he was the sole surviving heir at law of said plaintiff, and praying that said cause be revived, and that all further proceedings therein be had in the name of said J., as the sole heir of said plaintiff, to which petition was attached the consent of the defendants in error. At said time there was

also filed in said action a stipulation for the dismissal of said appeal, signed by the said J. and by all the defendants in error, by which stipulation it was agreed that the plaintiff in error and defendants in error had reached an amicable adjustment of the matters in controversy in said cause, and, having made final settlement thereof, the cause should be dismissed. On the same day the following journal entry was entered of record: "Death of plaintiff suggested and cause revived by agreement in name of J., sole heir of plaintiff, upon cause being settled; and stipulation filed 2/16/15, appeal is hereby dismissed. **Held,** that the order of dismissal will not be set aside and the cause revived in the name of the administrator upon the motion of the subsequently appointed administrator, who is the sole creditor of the decedent, where it appears from the showing accompanying such motion that the order of dismissal will not adversely affect the rights of the administrator as a creditor of the decedent.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Suit in equity by Sarah Johnson against W. G. Sawyer and others. Judgment for defendants, and plaintiff brings error. Motion to reinstate proceedings in error after dismissal overruled.

*Jay A. Anderson* and *D. A. Richardson,* for plaintiff in error.

*W. D. Humphrey, Tillotson & Elliott,* and *S. V. O'Hare,* for defendants in error.

KANE, C. J. This was a suit in equity, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of canceling and setting aside a certain deed purporting to have been executed by Moses Johnson, as the guardian of Sarah Johnson during her minority. Upon the trial to the court there was judgment for the defendants, to reverse which action this proceeding in error was commenced.

After the proceeding in error had been filed in the Supreme Court, to wit, on the 2d day of February, 1915, Sarah Johnson, plaintiff below and plaintiff in error in this court, died intestate in Muskogee county, Okla. Thereafter, to wit, on the 16th day of February, 1915, Moses Johnson, the father of said Sarah Johnson, filed in the Supreme Court a petition, suggesting the death of said Sarah Johnson and showing that said Moses Johnson was the sole surviving heir at law of said Sarah Johnson, and praying that said cause be revived, and that all further proceedings therein be had in the name of said Moses Johnson as the sole heir of said Sarah Johnson, deceased, to which petition was attached the consent of the defendants in error; at said time there was also filed in said action a stipulation for the dismissal of said appeal, signed by the said Moses Johnson and by all the defendants in error, by which stipulation it was agreed that the plaintiff in error and defendants in error had reached an amicable adjustment of the matters in controversy in said cause, and, having made final settlement thereof, the cause should be dismissed. On the same day the following journal entry was entered of record:

"Death of plaintiff suggested and cause revived by agreement in name of Moses Johnson, sole heir of plaintiff, upon cause being settled; and stipulation filed 2/16/15, appeal is hereby dismissed."

Thereafter one Jay A. Anderson was duly appointed administrator of the estate of said Sarah Johnson, deceased, and now this cause comes on to be heard upon his application to reinstate said proceeding in error and revive said action in the name of said administrator. Accompanying this application, which is made by the admin-

istrator in his own behalf, is a showing containing the following averment: ·

"The said administrator further shows that he was a creditor of the said plaintiff in error Sarah Johnson at the time of her death, she being indebted to him in the sum of $129.40, actual money expended by the said administrator at the instance and for the use and benefit of said Sarah Johnson in said action, and that he was the attorney of record for the said Sarah Johnson in said action in the district court of Nowata county, Okla., and upon appeal in this court, and that he had a contract with the said Sarah Johnson by which he was to be paid one-half of the amount he recovered in said action, and there was indorsed upon the petition filed in said action the fact that this administrator, as attorney for the said Sarah Johnson, claimed a lien upon said cause of action and the recovery therein for the payment of his fee."

Attached to the same showing, and made a part thereof, is a copy of an instrument entitled, "Creditor's Claim," which is in words and figures as follows:

"CREDITOR'S CLAIM.

"Muskogee, Oklahoma, August 30. 1915.

"Bill of Jay A. Anderson against the Estate of Sarah Johnson, Deceased.

"Exhibit A.

| | | |
|---|---|---|
| Feb. 25. 1913. | Cash paid to James Bond, stenographer of district court ............................... | $25 00 |
| Oct. 21. 1913. | Paid draft drawn by James Bond, court stenographer, on case-made in case of Sarah Johnson v. Sill & Sawyer............................ | 79 40 |
| Dec. 2. 1913. | Paid James Bond, balance on case-made........ | 25 00 |
| Feb. —. 1915. | The said Jay A. Anderson claims a further credit of twenty-five hundred dollars which is one-half of the admitted amount of oil run from the S. W. ¼ of S. E. ¼ of S. E. ¼ of section 26, and the N. W. ¼ of N. W.. ¼ of N. W. ¼ section 36, al in Twp. 27 N. of range 16 east, in Nowata county, Okla., from the 8th day of January, 1911, until the 1st day of December, 1913. This | |

claim grows out of a suit of the deceased, Sarah Johnson v. W. G. Sawyer, Hugh Branson, and N. W. Sill, which suit was pending on appeal in the Supreme Court of the State of Oklahoma, and in which suit the claimant was attorney and had a contract with the deceased for one-half of the amount of land and oil money recovered. Said suit was dismissed in the Supreme Court during the month of February, 1915, by Moses Johnson, the father of Sarah Johnson, and who inherited the entire estate of the deceased. Said amount as attorney fees in said case is claimed in the event that said case cannot be reinstated in the Supreme Court of the State of Oklahoma. If said case is reinstated on motion to be filed by the administrator in said cause for reinstatement of the same, then attorney fees shall be paid in the amount of one-half the money or land recovered."

The administrator also attached to his showing a copy of his petition for letters of administration filed in the county court, showing that:

"Said deceased left estate, real and personal, in said Muskogee county, and the value and character of said property, so far as known to your petitioner, are as follows, to wit: 'Ninety acres of land in Muskogee county, Okla., and a suit pending in the Supreme Court of the State of Oklahoma involving title to twenty acres of oil land in Nowata county, Okla., and the recovery of moneys derived from the sale of oil from said land; that the petitioner is the attorney of record in said suit, and has a lien claim for attorney fees consisting of an undivided one-half of the land and money which may be recovered in said suit. That said suit should be revived in the name of the administrator of the deceased.' "

We do not believe the showing made by the administrator is sufficient to justify the court in setting aside the order of dismissal and reinstating the cause upon the docket of this court. We may assume that the admin-

istrator is right in his contention that the cause, if re-
vived at all, should have been revived in his name,
had he been appointed at that time, and yet not be
forced to the conclusion that, the cause having been
dismissed by the sole heir of the deceased plaintiff,
from whom the subject-matter of the suit was in-
herited, it must be reinstated upon the motion of the ad-
ministrator upon the showing made. It is conceded that
Moses Johnson was an adult person, competent to take
care of his own affairs, and the sole heir of Sarah John-
son and the sole surviving beneficiary of any recovery
that might be derived from the litigation in which Sarah
Johnson was engaged at the time of her death, and that
it was his desire, upon a satisfactory settlement being
made between him and the other parties to the action,
that the suit should be dismissed. It is true that without
due course of administration the claims of creditors can-
not be lawfully satisfied, and neither heirs nor legatees
can obtain legal title to their legacies or distributive
shares, and that neither heirs nor devisees can hold the
real estate to which they succeed free from the claims of
the creditors of the deceased. 1 Woerner, American Law
of Administration, 430. Yet, if it does not affect the rights
of creditors, the action of the heirs in many matters per-
taining to the estate is not a nullity, even if there has
been no administration. The heirs in any event have a
complete equity in the property, and they may distribute
it among themselves and perform many other acts toward
it without administration. *Walworth v. Abel,* 52 Pa. 370;
*Weaver v. Roth,* 105 Pa. 408.

The right of the creditors to the assets of the de-
ceased person is the principal reason for requiring official
administration, and courts therefore often sanction the

disposition of property of decedents without the appointment of an administrator, where it is certain that the rights of creditors will not be affected thereby. *Sanders v. Moore*, 52 Ark. 376, 12 S. W. 783; *McLean v. Webster*, 45 Kan. 644, 26 Pac. 10; *Needham v. Gillett*, 39 Mich. 574; *Vail v. Anderson*, 61 Minn. 552, 64 N. W. 47. Now, how would the claim of the administrator—which seems to be the only one outstanding against this estate—be adversely affected by the action of the heir in settling a lawsuit, upon the successful determination of which he would be the sole beneficiary? The showing made by the admininstrator discloses that the decedent left ample means, aside from the land in controversy, to extinguish the only claims against her estate, to wit, certain small advancements made by the administrator for the purpose of paying the costs in a cause wherein he had a contract with the decedent for a contingent fee, and an unliquidated contingent fee dependent upon the successful determination of a lawsuit. Unless it can be said that the administrator, who is also the only creditor of the estate, has an absolute right to compel the sole heir and the other parties to this suit in equity to proceed with it at their own expense to its ultimate conclusion, notwithstanding their desire to settle the same, for the sole purpose of determining the amount the administrator would be entitled to as a contingent fee, in the event of success, there is no possible justification for reopening this litigation at this late date. Neither equity nor the rights of creditors require such action at our hands.

For the reason stated, we are of the opinion that the motion to set aside the order dismissing the appeal and to reinstate the same should be overruled.

All the Justices concur.