HARDENBERGH v. COMMISSIONER OF INTERNAL REVENUE (two cases).

Nos. 14516, 14517.

United States Court of Appeals, Eighth Circuit.

June 24, 1952.

Writ of Certiorari Denied Oct. 13, 1952.

See 73 S.Ct. 45.

Leland W. Scott, Minneapolis, Minn.
(Robert F. Leach, St. Paul, Minn., and
David E. Bronson, Minneapolis, Minn., on
the brief), for petitioners.

Melva M. Graney, Special Asst. to the
Atty. Gen. (Ellis N. Slack, Acting Asst.
Atty. Gen. and L. W. Post, Special Asst.
to the Atty. Gen., on the brief), for re-
spondent.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On April 2, 1944, George S. Hardenbergh, a resident of St. Paul, Minnesota, died intestate survived by his widow Ianthe and daughter Gabrielle and a son of a former marriage, George Hardenbergh, as his sole heirs at law. Decedent left an estate consisting of real property of the value of $29,378.08 and personalty of the value of $291,281.33. All of the real estate was sold under order of the State Probate Court for the payment of debts and expenses of the administration, leaving $252,317.63 for distribution to the surviving heirs, of which each of the heirs was entitled to one-third by virtue of the Minnesota law of Intestate Succession, M.S.A. § 525.13 et seq.

Some time prior to his death decedent had proposed leaving practically his entire estate to his son George in order to equalize to some extent the financial worth of his survivors. At that time his wife, Ianthe, was worth $2,000,000 and the daughter, Gabrielle, was worth a large sum in her own right. All of decedent's family agreed to this proposal, and decedent arranged with his attorney for the preparation of his will to carry it into effect. On Saturday, April 1, 1944, the attorney brought the will to decedent for execution, but because the decedent was then seriously ill, it was decided to delay the execution until Monday, April 3. Decedent died April 2 before the will could be executed.

In April 1944 the proceedings for the administration of decedent's estate began in a Minnesota Probate Court, and on September 20, 1944, Ianthe and Gabrielle filed in the administration proceedings a relinquishment of their respective interests in the estate as follows:

"We, Ianthe B. Hardenbergh and Gabrielle Hardenbergh, widow and daughter respectively of the above named George S. Hardenbergh, deceased, do hereby, coincidentally and jointly, definitely and finally renounce and reject, as of April 2, 1944, the date of death of said George S. Hardenbergh, any and all interest which we may then have had or may now have in and to the estate of said George S. Hardenbergh. We do hereby release and forever discharge the said estate and every part thereof from any claim or interest which may heretofore have accrued or might at any time hereafter accrue to us or either of us by reason of the laws of succession of the State of Minnesota; and we further agree that we will not at any time hereafter assert any claim or interest of any kind, nature or description in or to said estate or any portion thereof.

"We further respectfully state to the above named Court and to anyone interested in said estate that our purpose in renouncing any and all interest we may have in said estate is as follows: just prior to the death of George S. Hardenbergh, he, knowing that I, Ianthe B. Hardenbergh, had a large independent estate, and that I, Gabrielle Hardenbergh, had been amply provided for by trusts created by my grandfather, R. H. Bronson, and by my mother, Ianthe B. Hardenbergh, with our full knowledge and consent, had prepared a Last Will and Testament in which he devised and bequeathed substantially all of his estate to certain named trustees in trust for the sole benefit of his son, George Adams Hardenbergh. The provisions of said Last Will and Testament were agreeable to us. However, George S. Hardenbergh died before execution of said Last Will and Testament could be completed. We renounce all of interest in said estate so that the intention of the said George S. Hardenbergh may be carried out without delay or the intervention of other interests."

Thereafter, the Probate Court made its final decree of distribution reading in part:

"* * * that * * * Ianthe B. Hardenbergh and Gabrielle Hardenbergh have filed with this court a renunciation of their interest in the above named estate, and that George Adams

Hardenbergh is the person entitled to the residue of said estate of said decedent.

"Now, Therefore, on motion of Matt W. Miller, representative of said estate, and by virtue of the power and authority vested in this court by law, It Is Hereby Ordered, Adjudged and Decreed and the said court does hereby Order, Adjudge and Decree, that all and singular the above described property and all other estate of said decedent in the State of Minnesota, subject to any lawful disposition heretofore made, be and the same is hereby assigned to and vested in George Adams Hardenbergh."

Pursuant to the above decree the net estate was delivered to George Hardenbergh. The Commissioner determined that Ianthe and Gabrielle had each made a gift to George of one-third of the net estate, and the Tax Court sustained his action, 17 T.C. 166. These petitions for review challenge the Tax Court's decision on the ground that the Minnesota Probate Court by its order of final distribution of decedent's estate made the only effective transfer thereof to George Hardenbergh. The taxpayers (Ianthe and Gabrielle) contend that the State Probate Court, as an incident to its jurisdiction of decedent's estate, was invested with jurisdiction to determine decedent's heirs and to adjudicate the taxpayers' right to renounce any claim or interest in the estate; that the Tax Court has erroneously determined a question of State law contrary to the determination thereof by the State Probate Court; and that the decree of the Probate Court, and not the act of the taxpayers in relinquishing their claims to decedent's estate, is the source of the right and title in the property of the estate acquired by George Hardenbergh.

■ Section 1000 of the Internal Revenue Code, 26 U.S.C.A. § 1000, imposes a tax upon the transfer of property by gift whether the property is real or personal, tangible or intangible, and whether the gift is direct or indirect. Section 86.2 of Treasury Regulations 108 provides that all transactions whereby property or rights or interests in property "are gratuitously passed or conferred upon another, regardless of the means or device employed, constitute gifts subject to tax." The words "property," "transfer," "gift," and "indirect," as used in the section of the Revenue Code, are to be read in the broadest and most comprehensive sense. Smith v. Shaughnessy, 318 U.S. 176, 180, 63 S.Ct. 545, 87 L.Ed. 690. The question here is whether under the facts stated the taxpayers each made a gift to George Hardenbergh of their respective interests in decedent's estate. If the gifts were made, there is no dispute as to the value of the gifts or as to the amount of tax for which each donor is liable.

■ We think the decision of the Tax Court is right. The general rule as to intestate succession is that the title to the property of an intestate passes by force of the rules of law, in this case the Minnesota Statute of Intestate Succession, and that those so entitled by law have no power to prevent the vesting of title in themselves. Bostian v. Milens, 239 Mo.App. 555, 193 S.W.2d 797; Coomes v. Finegan, 233 Iowa 448, 7 N.W.2d 729; and Annotation on Renunciation of benefit under statute of descent and distribution, 170 A.L.R. 435. The rule is otherwise as to legatees or devisees under a will, Brown v. Routzahn, 6 Cir., 63 F.2d 914, since the beneficiary under a will may accept or reject a testamentary gift. The controlling fact here is that title to an interest in decedent's estate vested in the taxpayers by operation of law which neither had the power to prevent.

■ It is true, as taxpayers contend, that the Minnesota Probate Court acquired jurisdiction of decedent's estate; that the administration of the estate was a proceeding in rem; that during the administration the Probate Court held possession and control of all the estate property and had jurisdiction to determine "who is entitled to share therein, the proportions in which they take, and to assign to each his share;" and that the final decree of distribution is for the distributees the conclusive evidence of their rights. Bengtson v. Setterberg, 227 Minn. 337, 35 N.W.2d 623; Murray v. Calkins, 191 Minn. 460, 252 N.W. 605. It may also be conceded that a Minnesota

Probate Court, as such, has no jurisdiction to enforce contracts made by or between heirs relative to the distribution of an estate, which does not mean, however, that such agreements are not binding and enforceable in a proper action in a court having jurisdiction. Barnes v. Verry, 174 Minn. 173, 218 N.W. 551; In re Butler's Estate, 205 Minn. 60, 284 N.W. 889, 890–891.

 But it is also true, as shown by the Bengtson and Murray cases relied on by taxpayers, that the exercise of a probate court's jurisdiction is circumscribed by the Minnesota Statute of Intestate Succession. All that these cases hold of importance on the question here is that the probate court having jurisdiction of the property of the estate in administration to determine the identity of the parties entitled to take the estate has jurisdiction to make a wrong decision. Its decision, erroneous in law or fact, is final and binding upon the world, except upon direct attack by appellate review. That is to say, that if in the present case the Probate Court, without the intervention of the taxpayers, had vested the decedent's estate in George, its decree, though contrary to the Minnesota Statute, would be binding on taxpayers until vacated on appeal. The probate decree acquired the effect claimed for it as a transfer of decedent's property to George Hardenbergh because and only because of the consent or acquiescence of the taxpayers. It could not have survived a direct attack.

That the probate decree derived its vitality from the consent of the taxpayers clearly appears from the language of the taxpayers' renunciation and the final decree of distribution. The source of the rights acquired by George Hardenbergh was not the decree of the Probate Court, but the affirmative acts of taxpayers in relinquishing the shares of the estate which Minnesota law vested in them. And in this lies the distinction between the present case and cases like Harris v. Commissioner, 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111, where the reverse of this proposition was true. The Harris case involved the transfer of property rights between husband and wife in preparation for a divorce. The divorce

court had jurisdiction to settle the property rights of the parties in any manner justified by the evidence as just and equitable and, as an incident of its jurisdiction, the power to accept or reject the property disposition made by the parties and submitted to the court. The Supreme Court, four justices dissenting, held that the decree of the divorce court and not the agreement between husband and wife disposing of their property interests was the source of the respective rights acquired by them in the property transferred, emphasizing the jurisdiction of the divorce court to approve or reject the agreement. The Court said, 340 U.S. at page 111, 71 S.Ct. at page 184:

> "We, however, think that the gift tax statute is concerned with the source of rights, not with the manner in which rights at some distant time may be enforced. * * * It is 'the transfer' of the property with which the gift tax statute is concerned, not the sanctions which the law supplies to enforce transfers."

 The taxpayers agree that upon the death of decedent intestate his sole surviving heirs were George Hardenbergh and the taxpayers, each by Minnesota law entitled, subject to the administration proceedings, to receive equal shares in the estate remaining for distribution. Under Minnesota law title to the real estate of an intestate decedent vests immediately upon his death in the heirs, Bengtson v. Setterberg, subject only to the jurisdiction of the probate court to divest title when necessary in administration proceedings. Where there are no debts, personal property of decedent vests in the heirs without administration. Holtan v. Fischer, 218 Minn. 81, 15 N.W.2d 206. While in cases of administration the administrator takes legal title to the personal property of an estate, the title so vested in him is a qualified one and is limited to the purposes of the administration. His possession and title are that of a custodian or trustee during administration. Subject to this right of possession and qualified title, the property descends to the heirs. The law of Minnesota on intestate succession rather than the decree of distribution in administration proceedings

68

is the heirs' source of title. In re Butler's Estate, supra.

 And so, here, the taxpayers realized that some affirmative action on their part was necessary to carry out decedent's wishes in reference to the distribution of his property. To this end they renounced their interests in decedent's estate which vested in them upon his death. Their interests in the estate were assignable, Cooper v. Hayward, 71 Minn. 374, 74 N.W. 152, and subject to the liens of judgment creditors, Kolars v. Brown, 108 Minn. 60, 124 N.W. 229. What the court did was to deliver to George at taxpayers' request what the taxpayers had given him.

The decision of the Tax Court is affirmed.