JANUARY TERM, 1886.     231

Hill vs. Armstrong and another.     Lyle, Adm'r, etc. vs. Williams, imp.

HILL, Appellant, vs. ARMSTRONG and another, Respondents.

*January 18 — February 2, 1886.*

---

LYLE, Administrator, etc., Appellant, vs. WILLIAMS, imp., · Respondent.

*January 18 — February 2, 1886.*

*Estates of decedents: Advances to heir by administrator, when applied on distributive share.*

Advances made by an administrator to an heir of his intestate under an agreement that they shall be regarded as partial payments of the amount coming to such heir from the estate, may be so regarded and be applied upon the amount subsequently directed to be paid to the heir by the order for distribution of the estate.   And this is so although the heir may have given a promissory note to the administrator for a part of such advances.   And if the heir dies before the order for distribution the account for such advances need not be presented as a claim against his estate.

APPEAL from the Circuit Court for *Dodge* County.

In May, 1878, an order was made by the county court of Walworth county, in the matter of the estate of Stephen Williams, deceased, by which, among other things, the defendant *H. C. Williams*, as administrator of said estate, was directed to pay to the administrator or executor of Roxy Lyle, deceased, the sum of $449.43, her share of said estate.

From that order *H. C. Williams* appealed to the circuit court, and, upon the order being affirmed, he appealed from the judgment of affirmance to the supreme court, where that judgment was affirmed.   See *Williams v. Williams*, 55 Wis. 300.

The complaint alleges that upon the appeal to the supreme court the defendant *H. C. Williams*, as principal, and the defendants Jones and Hoard, as sureties, executed an undertaking, pursuant to the statute, that if the judgment should be affirmed the said *Williams* would pay the amount directed by said order of the county court to be paid.   This action is brought upon that undertaking to recover a balance alleged to be due to the plaintiff, as the administrator of Roxy Lyle,— it being alleged that no part of the abovementioned sum of $449.43 has ever been paid, except the sum of $100.

The defendant *H. C. Williams* alone answered.   His answer alleges that in 1872 and 1873, as administrator of the estate of Stephen Williams, he made advances to Roxy Lyle of money and goods as part of her share of said estate; that said advances were made under an agreement with said Roxy Lyle and other heirs of said Stephen Williams, that upon all such advances they would allow and pay to the defendant, as such administrator, interest at the rate of ten per cent. per annum up to the time of the final distribution of the estate; that said advances were made to said Roxy Lyle at her request and with the distinct understanding and agreement that they should be received by her as advances and part payments of the amount coming to her from the estate of said Stephen Williams; that said advances, together with the $100 paid to the plaintiff as admitted in the complaint, amount to a full payment and satisfaction of the amount directed by the county court to be paid.

The cause was tried by the court without a jury.   The court found the facts to be substantially as stated in the an-

swer, and rendered judgment dismissing the complaint.    The
facts are further stated in the opinion.

For the appellant there was a brief by *Sutherland & Sutherland,* attorneys, and *E. L. Runals,* of counsel, and oral
argument by *Mr. Geo. E. Sutherland.*    They contended,
*inter alia,* that an agreement to apply the advances as
claimed does not in law constitute a payment or discharge
of the claim upon which application is to be made.    It may
constitute a counterclaim, but it is not a satisfaction, and
cannot be set up as a defense when that claim is sued upon.
*Dudley v. Stiles,* 32 Wis. 371.    An advancement by an ad-
ministrator is in its very nature a loan made at his risk.
*Williams v. Ely,* 13 Wis. 9.    If, upon the settlement, there
are no moneys coming to the heir which can be applied to
the payment of the advancement or loan, the administrator
can recover back the money advanced like any ordinary
loan.    This again shows that while the advancement might
be the subject of a counterclaim, it is not a defense in an
action like this.

For the respondent there was a brief by *E. M. Beach,* at-
torney, and *E. P. Smith,* of counsel, and oral argument by
*Mr. Beach.*

COLE, C. J.    The learned counsel for the appellant rests
his case mainly on the final order for the distribution of the
estate of Stephen Williams, made by the county court May
2, 1878.    He says by that order the respondent *Williams,*
as administrator of the estate of Stephen Williams, was di-
rected to pay over to the administrator or executor of Roxy
Lyle the sum of $449.43, being her share of that estate.
The integrity of that order, or its absolute correctness as to
the amount then found due the estate of Roxy Lyle by the
county court, it is said cannot be impeached or questioned.
But we do not understand that the respondents seek to im-
peach the conclusive character of this order in respect to

matters considered by the county court. It is conceded that the order shows the distributive share of Roxy Lyle in the estate of Stephen Williams as found by the county court on the final settlement of that estate. But the defense set up in the answer, and which was fully sustained by the proof, is that on or before February 10, 1872, Roxy Lyle, then being in need, applied to the respondent *Williams*, as administrator of the estate of Stephen Williams, to make advances on her share of that estate to be distributed, and that she agreed to allow and deduct from her share any advances so made to her, with interest on the same at the rate of ten per cent. The evidence conclusively shows, and the court finds, that, pursuant to this agreement, and at the request of Roxy Lyle, the respondent *Williams,* as administrator, paid and advanced to her from time to time cash and merchandise amounting to $274.14, which, with interest, should be deducted from the amount assigned her in the order of distribution. Notwithstanding the argument of ingenious counsel against the proposition, we are unable to perceive any valid objection to allowing these advances to be applied as legal payments on her distributive share. It is a fact, decisively established by the proof, that the parties intended and agreed that these advances should be so applied. What principle of law or equity will be violated by giving effect to that agreement?

It is said we must presume, as a matter of law, that the respondent in his final account had credit for all advances or payments which he had made to Roxy Lyle. But this presumption would be disproved by the order of the county court itself, as well as by every other particle of evidence in the case. The order shows the amount of money and assets received by the administrator of the Stephen Williams estate and the credits which were allowed such administrator. There is no ground for saying or presuming that any payments or advances made to Roxy Lyle by the ad-

ministrator were included in his account, or came before the county court on final settlement. Nothing of the kind was adjudicated or passed upon by that court; and, unless there is some inflexible rule of law which forbids it,— and we confess we know of none,— the sums advanced to Roxy Lyle should be treated in the nature of payments on her distributive share, as the court below decided.

It is further said if these advances are to be treated as payments no interest should be allowed on them. But it appears the administrator charged himself with the interest, and accounted for it on settlement, so no harm was done.

January 2, 1873, Roxy Lyle gave her promissory note to *H. C. Williams* for $125, with interest at ten per cent. until paid; also, March 24, 1873, she gave a receipt to him for $68.70, to apply on her distributive share. There can be no doubt that these sums were for cash advances or payments made to her. But it is said that these claims, as well as the account for merchandise, should have been presented to the county court as claims against the estate of Roxy Lyle, and, not having been presented, they are barred. But we cannot concur in that view, because, as we have said, these advances must be treated as payments, according to the intention and agreement of the parties.

It follows from these views that the judgment of the circuit court was correct, and must be affirmed.

*By the Court.*— Judgment affirmed.