THOMAS J. POWELL, Executor of FLEETY PALMER, Deceased, Respondent, v. JOSEPH H. PALMER, Appellant.

St. Louis Court of Appeals, May 5, 1891.

1. **Practice, Trial:** PRESERVATION OF EXCEPTIONS TO ADVERSE RULINGS ON EVIDENCE BY MOTION FOR A NEW TRIAL. When the motion for a new trial in a cause does not assign, as one of its grounds, an adverse ruling of the trial court in excluding evidence, such adverse ruling cannot be assigned as error in this court.

2. **Pleading:** WAIVER OF DEMURRER. When an answer to a petition consists of a general denial and an affirmative defense, based on new matter, the defendant does not, by proceeding to trial upon the general denial, after a demurrer to his affirmative defense has been sustained, waive his right to insist that the ruling of the trial court in sustaining the demurrer was erroneous.

3. **Administration:** RIGHT OF RESIDUARY LEGATEE TO DEFEAT OR DELAY ACTION OF THE EXECUTOR AGAINST HIM IN EQUITY. An executor of an estate sought to enforce against the residuary legatee a vendor's lien in favor of the testator. The legatee, by way of defense, pleaded that all debts provable against the estate, as well as all bequests and charges payable out of the estate, other than the residuary bequest to himself, had been satisfied, but it also appeared that the time allowed by the statute for the presentation of claims against the estate had not elapsed. *Held* that a demurrer to this defense was properly sustained, notwithstanding that the action was one in equity, in that the allegation that there were no provable demands against the estate was not susceptible of absolute proof, and no refunding bond was tendered ; but *semble* that, if the trial court was satisfied of the truth of the allegation, it could stay execution upon the giving of such bond.

Powell v. Palmer.

4. **Practice, Appellate:** EFFECT OF THE FAILURE OF APPELLANT TO PRESS AN OBJECTION TO A RULING OF THE TRIAL COURT. A special defense, based upon two different grounds, was demurred to in the trial court, which sustained the demurrer. The defendant, upon an appeal by him from the judgment rendered against him in the cause, relied in this court wholly upon one of these grounds, and failed to present any argument in support of the other. *Held* that this court was warranted in assuming, under these circumstances, that the propriety of the ruling with respect to the latter ground was confessed.

*Appeal from the Montgomery Circuit Court.* —HON. E. M. HUGHES, Judge.

AFFIRMED.

*Knapp & Harris* and *Joseph H. Zumbalen,* for appellant.

At common law, while no action to recover a legacy would lie without the assent of the executor, such assent might be compelled in equity, provided there were assets which were not needed for the payment of debts, the executor being a mere trustee for the benefit of the legatee. Preston on Legacies, p. 49; *Lark v. Linstead,* 2 Md. Ch. 162; *Wind v. Jekyll,* 1 P. Wms. 575; Story's Eq. Jur. [15 Ed.] secs. 540, 589, 593; *Lessing v. Vertrees,* 32 Mo. 431. The existence or non-existence of debts against an estate, before the final bar, is a legitimate question of fact, and a subject of proof, and has often been investigated by the courts. *Moser v. Cochrane,* 107 N. Y. 35; *Spring v. Sanford,* 7 Paige, 550; *Schermerhorn v. Niblo,* 2 Bosw. 161. That there are no debts owing by the estate, and that the alleged indebtedness of defendant to the estate is not necessary for the purpose of paying anything but the legacy belonging to defendant, is properly alleged in the answer, and, therefore, admitted by the demurrer. *Atkins v. Hill,* Cowp. 284; *Hawkes v. Sanders,* Cowp. 289. The action is brought in equity by a person vested with the legal title, but if suffered to be maintained, it

will take from defendant that which is his own, and which, by the direction of the testator, must be immediately paid back to him ; and this is such an abuse of a legal right as will support the jurisdiction of equity to restrain the action. *Whedbee v. Reddick*, 79 N. C. 521 ; *Dobbs v. Prothro*, 55 Georgia, 73 ; *Hall v. Hall*, 11 Tex. 526 ; *Scroggs v. Alexander*, 9 S. E. Rep. (N. C.) 401 ; *Carlisle v. Burley*, 3 Me. 250 ; *Succession of Boyd*, 12 La. Ann. 611 ; *Guthrie v. Guthrie*, 17 Tex. 541 ; *Whaley v. Cape*, 4 Mo. 233. An executor is not chargeable for the loss of a note or other indebtedness to the testator, by not immediately suing, when the debtor continued in good credit, and no bad faith or gross negligence was shown on the part of the executor. *Keller's Appeal*, 8 Pa. St. 288 ; *Ruggles v. Sherman*, 14 Johns. 446 ; *Hartsfield v. Allen*, 7 Jones (N. C.) 439 ; *Neff's Appeal*, 57 Pa. St. 91 ; *Kee v. Kee*, 2 Gratt. 116 ; *Knight v. Earl of Plymouth*, 3 Atk. 480 ; *Merritt v. Merritt*, 62 Mo. 150. Under the code, while averments negativing payment are not necessary, and anticipate a defense, yet, if the petition contains them, the question of payment is put in issue by the general denial. Pom. Rem. & Rem. Rights, secs. 670, 672, 700 ; *Marley v. Smith*, 4 Kan. 183 ; *Quinn v. Floyd*, 41 N. Y. 349 ; *White v. Smith*, 46 N. Y. 418.

*S. S. Nowlin* and *Emil Rosenberger*, for respondent.

Plaintiff insists that the judgment of the circuit court in favor of the estate of plaintiff's testator is right, and should be affirmed. The demurrer to the special defense was properly sustained. Estates of deceased persons are strictly administered in this state according to the statutes. Executors and administrators cannot be compelled to make distributions or pay legacies within the first year of the administration, and even not in the second year, unless a refunding bond is

given. R. S. 1889, secs. 237, 238. Can the defendant or anyone else tell that there are no debts against the estate, before the two years have elapsed, after the notice had been given as provided by Revised Statutes of 1889, section 86? The court committed no error in excluding the testimony tending to prove the payment of $200. The only answer remaining at the time of the trial was a general denial. Payment, or part payment, of the debt sued for is "new matter," and must be pleaded. Bliss Code Pleading, sec. 358; *Ennis v. Hogan*, 47 Mo. 513; *Northrup v. Ins. Co.*, 47 Mo. 433; *Wilkerson v. Farnham*, 82 Mo. 672.

THOMPSON, J.—This action is brought by the executor of a deceased vendor to enforce a vendor's lien. The defendant answered, admitting the legal capacity of the plaintiff to sue as executor, denying each and every allegation of the petition not otherwise admitted, and then setting up a special defense which will be hereafter considered. The plaintiff demurred to so much of the answer as set up the special defense, and the court sustained the demurrer. Thereafter the cause went to trial upon the issue made by the petition and the general denial.

At the trial the plaintiff, to maintain the issue on his part, introduced evidence tending to show that the defendant had admitted that there was a balance of $200 still due on the consideration mentioned in the deed by the deceased to the defendant. The defendant thereupon offered evidence that, after having made the admission proved by the plaintiff, he had paid the said sum of $200, which payment had been made since the institution of this suit, to which evidence the plaintiff objected on the ground that the payment was not pleaded by the defendant, which objection was sustained by the court and the evidence excluded, to which ruling the defendant excepted.

The trial proceeded to a judgment against the defendant in the sum of $202.93. The defendant filed a motion for a new trial, but did not, in this motion, assign the error of the court in excluding the above item of evidence. This is the only ruling of the court upon the trial, which is assigned for error in this court; but we cannot consider it, because it was not brought to the attention of the trial court in the motion for new trial.

It only remains for us to consider whether the court erred in sustaining the demurrer to so much of the answer as set up a special defense. The fact, that the defendant went to trial upon the remaining issue, did not amount to a waiver of the right to insist upon this error, if such it were, in this court. *State v. Finn,* 19 Mo. App. 560. The special matter of defense stated in the answer was in the following language : "That, by the last will and testament of the, said Fleety Palmer, deceased, legacies of $1 each were given to the defendant and his three brothers, who are the only heirs at law of said Fleety Palmer, deceased, and that all the rest, residue and remainder of the testator's estate, real and personal, subject to the payment of his debts, and a charge of $500 to be expended for a monument upon his grave, was devised in fee simple, and bequeathed absolutely, by the said last will and testament, to Julia A. Palmer, who is the wife of the defendant, and that the said defendant has the written assent of his said wife, authorizing him to reduce into his possession, sell, assign or transfer for his own use and benefit all of her rights in action, including legacies and bequests of whatever character. And this said defendant further saith. that there is money in the hands of the said executor sufficient to pay all of said legacies of $1 each, and all administration expenses ; that he, the said defendant, has paid all of the debts of the deceased ; that he has erected a monument over the grave of said deceased, for which he paid the sum of $50 ; and that he alone is beneficially

interested in the prosecution of any action in behalf of said deceased ; and he, therefore, prays to be discharged with his costs. And, further answering the petition herein, for new matter of defense, the said defendant saith that the alleged instrument of conveyance, on which this action is made, is a general warranty deed with covenants of an indefeasible seizin in fee simple, and of warranty of title against the claims and demands of all persons whomsoever ; and that an action is now pending in this court, the object of which is to set aside the alleged conveyance, and in which it is alleged that the said deceased had only a life-estate in said land, with a contingent remainder in the plaintiff in said action, in fee simple. Wherefore the said defendant prays to be discharged with his costs.''

It thus appears that this is an action by an executor, in the nature of a bill of equity, to foreclose the equitable lien of a vendor upon land, against the residuary legatee, who stands ready to prove that no debts have been allowed in the probate court against the estate ; that he himself has paid off all the debts of the estate, and that the executor has in his hands enough money of the estate to pay all the legacies, except the residuary legacy belonging to the defendant ; and the question is, whether a court of equity will permit defendant to show these facts for the purpose of defeating the action. Counsel for the defendant admit, at the outset, that this is not proper matter of legal set-off, and do not claim that, at this time, any action to recover the residuary legacy, or any part thereof, could be maintained by the defendant against the plaintiff. But they contend that, although the executor has a perfect legal title to all the choses in action belonging to the estate, including those against the residuary legatee, and may under all circumstances, in a court of law, maintain an action thereupon, yet this is such a legal right as may afford an opportunity for abuse and oppression, and that courts of equity have from time immemorial exercised

the jurisdiction to control the executor as a trustee, so as to prevent such abuse and oppression. They argue with great force that this demurrer admits all the facts charged in the paragraphs of the answer which are demurred to, and that it consequently admits the fact, that there are no debts, and that the defendant stands in the position of sole legatee. They, therefore, argue that the result of this action, if allowed to succeed, will simply be to force the defendant to pay over to the executor, his trustee, a sum of money, which sum of money the executor will be obliged to hand back to the defendant after the expiration of a stated period, after reserving therefrom his own commissions and the expenses of this suit, most oppressively and unjustly prosecuted.

On the other hand it is suggested in argument that an executor is a statutory trustee ; that he is obliged, under a personal responsibility for negligence, which responsibility extends to his sureties in case he is under bond, to proceed with diligence to collect the assets belonging to the estate ; that, until the statutory period of two years allowed for presenting claims against the estate has expired, he cannot know that there are no debts provable against the estate; that, until the expiration of this statutory period of two years, he cannot pay a legacy without requiring a refunding bond from the legatee ; that, if he now had in his hands the money for which he sues, he could not pay it over to the defendant as the sole legatee, without the giving by the defendant of the statutory bond, until the expiration of the two years' limitation, prescribed by the statute, should prove by the event itself that there are no debts provable against the estate.

The position of the defendant is a very forcible one. This is an equitable action, predicated upon an equitable lien, which is peculiarly and entirely the creature of courts of equity. The legal forum is a

stranger to this species of action.  It is a principle of
equity, that such courts will not lend their extraordi-
nary aid or exercise their peculiar jurisdiction in cases,
where so to do would produce greater injustice than
would thereby be remedied.

But, notwithstanding these principles, we are of
opinion that the defendant has not placed himself in a
position to assert the defense which he attempts to set
up.  A demurrer admits only what is well pleaded.
From the very nature of the case, the negative proposi-
tion, that there are no debts which can be proved against
the estate of a deceased person, is a proposition which
cannot be known absolutely to any existing person.  It
could only be known absolutely to the deceased himself,
and not even to him in many supposable cases.  Nor
does the statutory limit of two years interpose an
absolute bar to debts of every description.  The books
disclose many cases, some of them in the reports of this
court, showing that provable demands against the
estates of deceased persons are liable to arise long after
the statutory bar,—demands which no one supposed to
exist. From the nature of the case, the proposition,
that there are no debts provable against the estate of a
deceased person, is, therefore, a negative proposition,
which is not susceptible of absolute proof.  No evi-
dence which could be offered in support of such a prop-
osition could go further than to reach a strong degree
of probability.  It is in view of this fact, a fact sup-
ported by common experience, that the legislature has
enacted that "no executor or administrator shall be
compelled to pay legacies or make distribution within
two years after the date of his letters unless bond and
security be given by the legatee or distributee to refund
his due proportion of any debt which may afterwards
be established against the estate, and the costs attend-
ing the recovery thereof."  R. S. 1889, sec. 238.  Pur-
suing the analogy of this statute, and treating the fund
for which the plaintiff sues as a part of the legacy to

which the defendant is entitled as sole legatee, a' d considering whether, in the eye of a court of equity, he ought to be required to hold this legacy, we must hold that he does not put himself in this position, until he tenders the bond required by the statute. The policy of the law, announced by this statute, is that there shall be no distribution or payment of legacies until after the expiration of the statutory bar of two years, unless the distributees or legatees give the statutory refunding bond. The statute intends that whether there are any debts chargeable against the estate shall be judged only by the event. The statute is incompatible with the conclusion, that the negative proposition that there are no such debts can be determined outside the probate court, to which the statute commits the administration of the estate, in a separate proceeding in equity in the circuit court, and upon such evidence as may there be presented before the expiration of the period named in the statute. Let us suppose that the court had held this to be a good defense, if proved. Let us also suppose that evidence had been adduced which satisfied the court that no debts could be proved against the estate of the deceased in the hands of the plaintiff. Let us suppose that the court had, upon such evidence, rendered judgment for the defendant. Let us further suppose that it had subsequently turned out that debts were provable against the estate,—that demands had been presented against the estate before the expiration of the statutory period, or even thereafter, when the demand was of such a nature as to be presentable thereafter, and let us suppose that in the meantime the defendant had become insolvent. It would result from the action of the court that creditors of the estate had been defeated of the collection of their just demands. To prevent such results the statute which we have quoted above was enacted. The special defense attempted in this case is, therefore, not a good defense, because it is set up as a complete bar to the action, and

does not tender the refunding bond prescribed by the statute.

We, therefore, hold that there is no error in the judgment. But, in view of the peculiar nature of the case, we offer the suggestion that it may be competent for the circuit court, upon a showing by the defendant of the facts set up in his special defense, and upon his giving a refunding bond analogous to that required by the statute, to stay execution upon the judgment until the expiration of two years of the date of the letters testamentary; after which time the plaintiff can have execution against the defendant for so much as may be found necessary to discharge the obligation of the estate, including the costs and expenses of this action; and, as to the remainder, they may settle by a mere exchange of receipts. We do not hold that this can be done; and this is in the nature of a suggestion, rather than a direction; but no reason now occurs to us why it cannot be done.

No argument has been presented on behalf of the appellant as to the propriety of the action of the court in overruling so much of the demurrer as relates to the pendency of another action; and we, therefore, are justified in assuming that the propriety of the action of the circuit court in respect of this defense is confessed.

The judgment will be affirmed. It is so ordered. All the judges concur.