HENRY KRAUS v. CHRISTIAN KRAUS, JR., and Another.[1]

December 5, 1900.

Nos. 12,336—(120).

### Garnishment of Administrator—Prior Payment to Sole Heir.

When an administrator has in his hands funds belonging to the estate, he may pay them over to the party entitled thereto, as heir at law, without an order of the probate court; and, if such payment be made in good faith, he is not liable, and cannot be held as a garnishee of the party to whom payment has been made prior to the commencement of the garnishment proceedings.

Action in the district court for Wright county against Christian Kraus, Jr., and Christian Kraus, Sr., defendants, and Christian Kraus, as administrator of the estate of Charles Kraus, deceased, garnishee. From an order, Giddings, J., denying a motion for judgment against the garnishee on his disclosure, plaintiff appealed. Affirmed.

*James C. Tarbox*, for appellant.

*J. T. Alley*, for respondent.

COLLINS, J.

Appeal from an order denying plaintiff's motion for judgment against a garnishee upon his disclosure, taken before a referee and duly reported to the court.

Passing two preliminary points made by counsel for the respondent, we come directly to the merits of the case. The disclosure shows that the garnishee was at the time administrator of the estate of one Charles Kraus; that, as such administrator, he had obtained possession of certain funds belonging to the estate; and that prior to the service of the garnishee summons he had accounted for and paid over these funds in specie to defendant, the only heir at law of the deceased. It is contended by counsel for the appellant that until an order of the probate court had been obtained, authorizing an accounting and payment to the heir at law, the administrator

[1] Reported in 84 N. W. 332.

was and is subject to proceedings in garnishment, and that prior accounting and payment to the heir is no defense,—in other words, that the administrator cannot voluntarily account to the heir at law for funds in his hands, but must wait the order of the probate court, and until this order is obtained, and payment made, he is subject to garnishment, under G. S. 1894, § 5310. The adjudicated cases are opposed to this contention. If they were not, a plaintiff in garnishment could enforce a claim against an administrator which could not be enforced by the defendant heir; for, as between the latter and the administrator, accounting and payment at any time, with or without a formal order of distribution, is, pro tanto, a perfect defense to all future demands.

The order of distribution seems simply to be for a final accounting, and to protect the administrator and his sureties. It enables the administrator to protect himself, under an order of the court, against any claims that might be made on him for funds of the estate in his hands. If he sees fit to take the risk of disposing of the funds without the shield of such order, and no claim is made upon him by any person otherwise entitled to these funds, and in point of fact he has paid them over to the person entitled, and to whom they would have been ordered to be paid, it is difficult to see on what grounds the transaction can be called in question. An administrator, when making advances, takes chances as to claims against the estate which are superior to the rights of the heir; but payment in advance of the time fixed by law operates as a satisfaction of a distributive share, to the extent thereof, as against the distributee, or any one whose rights are not paramount to his. In re Scott, 36 Vt. 297; Lyle v. Williams, 65 Wis. 231, 26 N. W. 448; Henshaw v. Whitney, 11 Gray, 223; 11 Am. & Eng. Enc. (2d Ed.) 1167, 1173, 1174, and notes. In fact, this has been held, substantially, by this court. Vail v. Anderson, 61 Minn. 552, 64 N. W. 47. Of course, all advances must be made in good faith, and there is no suggestion that such was not the fact in the case at bar.

Order affirmed.