MARTHA GRANGER v. W. H. HARRIMAN.[1]

May 15, 1903.

Nos. 13,468—(41).

## Administration of Estate by Heirs.

Where no administration of the estate of a deceased person who died intestate is applied for, either by the next of kin or creditors, within the period fixed by G. S. 1894, § 4514, for the presentation of claims against the estate, and no claims are filed or presented within that time, or administration had, the heirs entitled to the personal estate may dispense with the appointment of an administrator and formal administration by an amicable distribution of the same according to their respective rights, and thus acquire a valid title to such property.

## Complaint.

The complaint in this action alleges that the note in suit was given by defendant to M. in 1887; that M. died intestate in 1889; that no administration of his estate has ever been had; that there are no debts against decedent; and that the heirs entitled thereto divided his personal estate between them, the note in suit being set apart to plaintiff. *Held*, that it states a cause of action within the rule above stated.

Appeal by plaintiff from an order of the district court for Le Sueur county, Cadwell, J., denying a motion for a new trial. Reversed.

[1] Reported in 94 N. W. 869.

*L. W. Prendergast*, for appellant.

*Charles C. Kolars*, for respondent.

BROWN, J.

Action to recover upon a promissory note, in which judgment on the pleadings was ordered for defendant by the trial court, and plaintiff appealed from an order denying a new trial.

The facts are as follows: The promissory note upon which the action is founded was given by defendant to James Morrison March 10, 1887. Morrison died intestate in 1889, leaving, him surviving, a widow and two children, his sole heirs; one of the children being plaintiff in this action. His widow died in 1890. No administration of the estate of either was ever had, the two children, the only heirs, having amicably divided all property belonging to the estate between themselves, there being, as alleged in the complaint, no debts to pay, and hence no necessity for the appointment of an administrator. In the division of the property the promissory note in question was set apart to plaintiff, and she claims title and the right to recover thereon by reason of such division and settlement. These facts all appear from the complaint.

When the cause was called for trial, plaintiff conceded that no administration of the estate was ever had or attempted, and the trial court, on motion, ordered judgment on the pleadings for defendant. The court was guided in this on the theory that personal property of a deceased person passes to his personal representative, the administrator, and that the only method by which the rights of creditors or third persons can be protected, and a perfect title to the estate pass to the heirs, is an administration of the estate in the manner provided by law. It is true that personal property of a person dying intestate passes to his personal representative, but the title and right acquired by the latter is a qualified one, and for the purposes of administration only. The administrator is charged with the duty of collecting the effects of his intestate and paying and discharging the debts chargeable against the estate, and, when that is fully accomplished, delivering the remainder of the property, if any, to the heirs. Subject to

this right of possession and qualified title, the property descends direct to the heirs, and no final decree of the probate court is necessary where those entitled to the estate agree upon a division of the same. The substantial facts accomplished by the administration are the payment of debts and the distribution of the residue of the property. So that, if there are no debts, and a division of the property be amicably made by those entitled to it, nothing remains for an administrator to act upon. Many of the authorities sustain the right of the interested parties in such cases to dispense with an administration, even before the time limited for creditors to appear and present their claims, by paying all debts, or showing that none existed, and distributing the property among those entitled to it. Foote v. Foote, 61 Mich. 181, 28 N. W. 90; Glover v. Hill, 85 Ala. 41, 4 South. 613; Akin v. Akin, 78 Ga. 24, 1 S. E. 267; McCracken v. McCaslin, 50 Mo. App. 85; Roberts v. Messinger, 134 Pa. St. 298, 19 Atl. 625; Pratt v. Manhattan, 47 La. An. 855, 17 South. 341.

Of course, the best evidence that there are no debts against a deceased person's estate is the fact that an administrator has been appointed, notice to present claims duly given, and a proper probate of the estate had in accordance with the law. But whether the nonexistence of such debts might not be shown by other proof prior to the time fixed by the statutes for their presentation to the probate court, we need not determine, for it is clear that, where the claims of creditors are barred by the statute of limitations because not presented to the probate court within the time limited for that purpose, the heirs entitled to the estate may dispense with the formal administration by an amicable settlement of their rights and the distribution of the property.

Such is the case at bar. Morrison, the payee of the note, died in 1889, and no claims appear ever to have been presented to the proper tribunal for allowance, and the heirs have settled their differences, and divided the property of the estate between them. Section 4514, G. S. 1894, provides that no claim against a decedent shall be a charge against or a lien upon his estate, unless presented to the probate court, as therein provided, within five years

after the death of such decedent. The payee in the note in suit died over ten years prior to the commencement of the action, and all claims against his estate were then forever barred. It is no answer to say that no proceedings were ever commenced before the probate court, and no opportunity given to present claims, for, if the next of kin neglect to apply for an administration, creditors, or others interested in the estate, may do so; and, if creditors permit the estate to go unadministered for the period of five years from the death of the intestate, their claims are as effectually barred as though an administrator had been appointed and they had failed to present them for allowance. This view is sustained and strengthened by the statute providing for a final decree of the probate court in such cases, where no administration has been had, upon the application of the heirs, and notice to interested parties. The statute was sustained, as to a final decree of real estate, in Fitzpatrick v. Simonson Bros. Mnfg. Co., 86 Minn. 140, 90 N. W. 378.

So that, as there were at the commencement of this action no valid debts against the estate, and the heirs have divided the property belonging thereto, plaintiff acquired good title to and may maintain the action upon the note set apart to her; and the order appealed from must be reversed. It is due to the learned trial court to say that this feature of the case does not appear to have been presented to him, but the point was distinctly made in this court, and we are required to pass upon it.

Order reversed, and a new trial granted.