BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

OCTOBER TERM, 1913.

*(Continued from Volume 175.)*

GEORGE N. MAST, Executor of the Estate of J. G.
MAST, Deceased, Appellant, v. CHARLES H.
MAST and MARY MAST, Respondents.

Kansas City Court of Appeals, January 5, 1914.

1. EXECUTORS AND ADMINISTRATORS: Bills and Notes: Life
Tenant. The plaintiff, executor of J. G. Mast, sued to recover
judgment on a note against the defendants, one of whom was
the grandson of the deceased. The grandson borrowed $600
from the deceased, who left a legacy in his will to him sufficient
to cover the amount of the note. The grandson refused to pay
the note on the ground that his legacy was sufficient to pay
the note. *Held*, that the estate not being in condition for
distribution as long as the life tenant survived, the defendant
was in no position to oppose his legacy as a defense to an
action by the personal representative of the testator to enforce
the payment of a debt he owes the estate.

2. ———: Legatee. Where suit is brought by a personal repre-
sentative against a legatee the latter cannot in general plead
as a set-off the amount of his legacy, at least where it is not
shown that the estate is solvent and is in a condition to be
distributed.

3. ———: ———: Statute. Under the provisions of Secs. 245
and 246, R. S. 1909, a legatee would have no right to distribu-
tion until after the expiration of the statutory bar of two years
for the allowance of demands against the estate since it could
not be known with certainty until then whether or not the
legacy could be paid.

176 Mo. App.]                    (1)

Mast v. Mast.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED AND REMANDED.

*Douglas Stewart, Jr.*, and *Lewis A. Chapman* for appellant.

*Scott J. Miller* and *Frank Sheetz* for respondents.

JOHNSON, J.—This suit was commenced in the circuit court of Livingston county March 19, 1910, by the executor of the estate of J. G. Mast, deceased, against the defendants Charles H. Mast and Mary Mast, to recover judgment on a promissory note of $600 executed and delivered by defendants to the testator, April 15, 1903.

It appears that on the last mentioned date defendant Charles borrowed six hundred dollars of his grandfather, the testator J. G. Mast, and gave the note in suit to evidence the debt; that the testator was content to allow the debt to run as long his grandson paid the interest that accrued from time to time and that in his last will he bequeathed seven hundred dollars out of his personal estate to his grandson for the purpose of giving him the means with which to pay the note.

The defendants filed separate answers in which they pleaded defenses of an equitable nature the substance of which will be considered in our discussion of the legal questions argued in the briefs. A jury was waived and after hearing the evidence the court rendered judgment on the following facts which we find abundantly supported by evidence. The testator died in Livingston county September 26, 1909, and four days later plaintiff was appointed and qualified as executor of the estate. Since his appointment he has paid all of the debts of the estate, that is to say, all

of the debts of which he or anyone interested in the estate has any knowledge and "there is ample personalty belonging to said estate to pay all claims against the same should any be presented, and all other legacies and the costs of administration." Further the court found "that said bequest to Charles Mast was in full satisfaction of the note aforesaid and that defendants have tendered a good and sufficient bond to protect all creditors, legatees and devisees under said will and all persons interested in said estate, and that said note was amply secured and there was no occasion for any suit thereon."

The judgment rendered June 3, 1911, is as follows: "It is therefore ordered, adjudged and decreed that plaintiff have and recover of and from the defendants the sum of six hundred and sixty-five and 25-100 dollars, the amount of said note; that the defendants execute to plaintiff a good and sufficient bond in the sum of two thousand dollars, conditioned to pay plaintiff the above sum of six hundred and sixty-five and 25-100 dollars or any part thereof that should become necessary to pay the debts of said estate and further conditioned to hold all creditors and legatees and devisee and persons interested in said estate as well as this plaintiff, harmless from any loss on account of not collecting said note; that in the final settlement of said estate said note shall be delivered to defendants and this judgment satisfied of record as hereinafter set out, and defendant, Charles Mast, shall execute his receipt to plaintiff for said bequest; that said bond shall be executed within ten days after the adjournment of this court, to be approved by the clerk thereof, and on the giving of said bond, and its approval as aforesaid, no execution shall issue herein on said judgment, but the same shall be stayed till the final settlement of said estate, and until it is ascertained whether or not any part of this judgment may

be needed in payment of the indebtedness of said estate, and when all or any part thereof that may be or become necessary for that purpose shall be paid said bond shall be void, and this judgment satisfied of record; that the estate of J. G. Mast, deceased, shall pay the costs of this suit, which has accrued since April 11, 1911, when defendants filed their last answer, except the costs of entering this judgment and docket and indexing the same."

From this judgment plaintiff appealed. The position of counsel for plaintiff is that the legal title to the note in suit vested in the executor on the death of the testator and that it was not only the right but the duty of the executor to collect the note regardless of the interest the principal debtor has in the estate as legatee. Therefore in an action at law brought by the executor on the note the court had no authority to render any other than an unconditional judgment on which execution might be issued forthwith, and that error was committed in that part of the judgment ordering a stay of execution on the giving by the defendant legatee of a bond conditioned as required by section 245, Revised Statutes 1909.

The interest of an heir who is also a debtor to the estate "consists of his distributive or inherited share of the estate less what he owes the estate; or, in other words, what he owes the estate is to be treated as so much of his interest in the estate already received by him, and therefore in the distribution of the property, whether real or personal, he is entitled only to so much thereof as plus what he has already received will make his share equal to the share of the other heirs or distributees. Otherwise the heir would receive as much more than the other heirs received as the debt he owed the estate amounted to. It could not be tolerated that he should be allowed to thus diminish the shares of the other heirs who had received

nothing from the estate." [Duffy v. Duffy, 155 Mo. l. c. 147.]

'Under this rule the real interest the defendant Charles has in the estate is that his obligation as a debtor shall be cancelled by his legacy, the two being practically the same in amount and the latter created by the testator obviously for the purpose of discharging the former.

But the interest of a legatee is subject to the demands of creditors of the decedent which must be discharged before heirs are entitled to distribution. Generally speaking the law contemplates that debts first shall be paid and then that the remainder of the property shall be distributed among the heirs. An estate may not be sufficient to pay all the demands allowed against it in which event heirs and distributees must be turned away empty-handed. Or, an estate, though sufficient to pay the debts may be insufficient to pay all of the legacies in full, in which case a legatee may find his portion curtailed below that intended by his benefactor. For these reasons there is a rule of general recognition that denies to a legatee who is also a debtor of the estate the absolute right to set off his legacy against his debt.

"Where suit is brought by a personal representative against a legatee, he cannot in general plead as a set-off the amount of his legacy, at least where it is not shown that the estate is solvent and is in a condition to be distributed." [18 Cyc., p. 898.]

It would seem too plain for argument that until a legatee is entitled by law to the payment of his legacy he cannot use it as a set-off to a demand of the estate against him. And but for the provisions of sections 245 and 246, Revised Statutes 1909, a legatee would have no right to distribution until after the expiration of the statutory bar of two years for the allowance of demands against the estate since it could

not be known with certainty until then whether or not the legacy lawfully could be paid. [Powell v. Palmer, 45 Mo. App. 236.]

Section 244, Revised Statutes 1909, provides: "Executors and administrators shall not be compelled to make distribution or pay legacies until one year after the date of letters," etc.

This action was brought within one year after the date of letters and it cannot be said that it was improperly brought. A complete cause of action against the defendants was vested in the executor, the duty was on him of collecting and preserving the estate and he cannot be justly censured for asserting a legal right against which, at the time of its assertion, there was no legal defense. But the action was not tried until in the second year after the date of the letters and in the meantime the defendant legatee had become entitled to the payment of his legacy on the satisfaction of the requirements of sections 245 and 246, Revised Statutes 1909. As found by the learned trial judge the settlement filed in the probate court by the executor, as well as the other evidence heard, disclosed, as far as the fact could be known before the expiration of the two years period, that there were no unsatisfied debts of the estate and that there was sufficient property in the hands of the executor to pay all legacies. In such case the statutes to which we have referred contemplate that a legatee shall not be compelled to await the expiration of the two years period before becoming entitled to payment of his legacy but shall be entitled to such payment and the court shall order it made on the giving by the legatee of a "bond and security . . . to refund his due proportion of any debt which may afterwards be established against the estate, and the costs attending the recovery thereof," etc. Defendant Charles tendered a good and sufficient bond conditioned as required by law, both in

his answer and at the trial, and we think the court did right in refusing to render an unconditional judgment in favor of the executor.

What reason could be given for the vain and useless thing of compelling defendant Charles to pay his debt to the estate when he would have the right to compel the executor to hand the money back immediately in payment of his legacy. Though this action is one at law the court was not compelled to do a thing so unnecessary and purposeless, but, treating the answer as raising an equitable defense, could, as was done, adjudicate and settle all of the rights of the parties in one action. The judgment before us is so just and regardful of the rights of everyone interested in the estate, that we are not disposed to interfere with it on grounds of a purely technical nature. Accordingly it will be affirmed.

All concur.


## ON REHEARING.

Our attention is called by appellant to a provision of the will which gave the widow of the testator a life estate in all his real and personal property. The record discloses that she survived him and that afterward the executor turned over to her money and notes amounting to $800. For aught shown by the record the widow was still living at the time of the trial and such being the case it is too plain for argument and follows from what we said in the foregoing opinion that the estate not being in condition for distribution as long as the life tenant survived, defendant Charles is in no position to oppose his legacy as a defense to a suit by the personal representative of the testator to enforce the payment of a debt he owes to the estate.

And further it appears that (the widow being still alive) the indisputable evidence will not support the finding of the trial court that "there is ample per-

Deal v. Railroad.

sonalty belonging to said estate to pay all claims against the same should any be presented and all other legacies and the costs of administration.''

From the absence in the original brief and argument of appellant of any claim that the estate was not ready for distribution on account of an outstanding life estate we assumed that such estate no longer existed and that formal proof of its termination had been overlooked, especially since the court said nothing about such estate in its findings of fact and judgment. But we are bound by the record and since the points now pressed upon us are formally presented therein we are constrained to set aside our order of affirmance and to reverse the judgment and remand the cause for a new trial.

It is so ordered. All concur.