MARY WEIS AND OTHERS v. JOHN KUNDERT, JR. AND OTHERS.[1]

July 22, 1927.

No. 26,142.

**An action to recover personal property of an estate must be brought by its representative.**

In the absence of special circumstances the representative of the estate of a deceased person is the only one who may maintain an action to recover personal property belonging to the estate.

Executors and Administrators, 24 C. J. p. 145 n. 49 New; p. 201 n. 62; p. 202 n. 64; p. 203 n. 68; p. 206 n. 89, 90.

See note in 22 L.R.A.(N.S.) 454; 11 R. C. L. 260, et seq.

[1]Reported in 215 N. W. 176.

Plaintiffs appealed from an order of the district court for Dodge county, Senn, J., sustaining a demurrer to the complaint. Affirmed.

*Thomas Mohn* and *H. J. Edison,* for appellants.

*D. C. Sheldon* and *A. J. Rockne,* for respondents.

WILSON, C. J.

Appeal from an order sustaining a demurrer to the complaint.

Plaintiffs seek to have canceled the satisfaction of a $13,500 real estate mortgage which was made by John Kundert, Sr., who died May 9, 1926. Plaintiffs and two of the defendants, John Kundert, Jr. and Charlie Kundert, are the sole heirs at law of decedent. The complaint states that there are no debts against the estate and that no probate proceedings have been had. It alleges that the satisfaction was procured by undue influence and fraud on the part of the defendants. John Kundert, Jr. and his wife were the mortgagors.

The record presents the inquiry as to whether the heirs may maintain this action or whether the representative is the only person who may do so.

Personal property of a person dying intestate passes to his personal representative, whose title thereto is a qualified one and for administration purposes only. The administration of the estate is the only method by which the rights of creditors or third persons can be protected. Subject to the right of possession and qualified title of the representative, the property descends direct to the heirs. Granger v. Harriman, 89 Minn. 303, 94 N. W. 869; Vail v. Anderson, 61 Minn. 552, 64 N. W. 47; Brown v. Strom, 113 Minn. 1, 9, 129 N. W. 136; Samels v. Hartford Acc. & Ind. Co. 163 Minn. 209, 203 N. W. 620. Where there are no debts the heirs may make an amicable division of the personal property. Granger v. Harriman, 89 Minn. 303, 94 N. W. 869; G. S. 1923, § 8786.

In the Granger case time had put to rest the question of debts. But here such is not the case. We do have an allegation of no debts. May the defendants rely thereon? Such an allegation is a negative proposition which is not susceptible of absolute proof.

Evidence could only relate to a strong degree of probability. It could hardly be conclusive. If the rule is that the heirs may maintain such actions and enforce the payment of debts due the estate, every debtor must, at his peril, determine whether there are creditors. This would be an unreasonable burden upon strangers to the estate. Some obligations do not fall under the bar of the statute of limitations. But suppose someone should say there was a debt. He would probably succeed in getting an administrator appointed and if so the administrator would proceed with such action as he might see fit concerning the estate. Suppose defendants prevailed in this action and subsequently a creditor appeared and procured the appointment of an administrator, could defendants be protected in a suit by the administrator by pleading a judgment in this action? We think not. Administration with the proper notices is the only satisfactory method of determining whether there are claims against an estate.

In the absence of special circumstances the representative has the exclusive right to collect and enforce claims of the estate. Granger v. Harriman, 89 Minn. 303, 94 N. W. 869; Brobst v. Brobst, 190 Mich. 63, 155 N. W. 734; Dun. Pr. L. § 857; Powell v. Palmer, 45 Mo. App. 236.

Special circumstances involve collusion between the representative and debtor, and refusal of the representative to act, in which event he should be made a party and his refusal alleged. Allen v. Simons, 1 Curt. (U. S. C. C.) 122; Trotter v. Mut. R. F. Life Assn. 9 S. D. 596, 600, 70 N. W. 843, 62 A. S. R. 887; Tillery v. Tillery, 155 Ala. 495, 46 So. 582; Bennett v. Bennett's Admr. 134 Ky. 444, 120 S. W. 372; Squire v. Ordemann, 194 N. Y. 394, 87 N. E. 435; Prusa v. Everett, 78 Neb. 250, 251, 113 N. W. 571; Hart v. Goadby, 138 App. Div. 160, 123 N. Y. S. 166; Buchanan v. Buchanan, 75 N. J. Eq. 274, 71 A. 745, 22 L.R.A.(N.S.) 454, note 458, 138 A. S. R. 563, 20 Ann. Cas. 91.

In Vail v. Anderson, 61 Minn. 552, 64 N. W. 47, the court as a matter of equity protected a debtor who in good faith paid his debt

to the sole heir of a solvent decedent. The decision does not rest upon a strict legal right. In Cooper v. Hayward, 71 Minn. 374, 74 N. W. 152, 70 A. S. R. 330, it was held that an administrator was bound by the sole heir's disposition of personal property, it being conclusively established that decedent left no debts. Of course the heir cannot bind the representative of the estate where the property is needed for the purposes of administration. Wheeler v. Benton, 71 Minn. 456, 74 N. W. 154. An administrator is not in duty bound to retain property from an heir until final distribution is made, but he may pay in advance of the time fixed by law if he sees fit to take chances as to claims against the estate. Kraus v. Kraus, 81 Minn. 484, 84 N. W. 332.

We hold that actions to recover personal property belonging to an estate may be brought only by the duly appointed representative of the estate. There are some authorities to the contrary but this is the prevailing rule. Buchanan v. Buchanan, 75 N. J. Eq. 274, 71 A. 745, 22 L.R.A. (N.S.) 454, and note, 138 A. S. R. 563, 20 Ann. Cas. 91, note 96.

Affirmed.